**UNITED STATES of America, Appellee,**

**v.**

**Jeffrey P. BOUYEA, Defendant–Appellant,**

**Robert Michael Bouyea, Defendant.**

**Docket No. 97–1169.**

United States Court of Appeals, Second Circuit.

Argued Jan. 5, 1998.

Decided Aug. 10, 1998.

Dan·E. Labelle, Owens, Schine & Nicola, Trumbull, Connecticut, for Defendant–Appellant.·

Nora R. Dannehy, Assistant United States Attorney, Hartford, Connecticut (Christopher F. Droney, United States Attorney for the District of Connecticut, Hartford, Connecticut, Mark G. Califano, Assistant United States Attorney, New Haven, Connecticut, on the brief), for Appellee.

Before: VAN GRAAFEILAND and WALKER, Circuit Judges, and KOELTL, District Judge *.

## PER CURIAM:

Defendant-appellant Jeffrey P. Bouyea appeals from the judgment of the United States District Court for the District of Connecticut (Alfred V. Covello, *Chief District Judge*), convicting him, after a jury trial, of one count of bank fraud, in violation of 18 U.S.C. § 1344, and of one count of wire fraud, in violation of 18 U.S.C. § 1343. On appeal, he claims, *inter alia*, that there was insufficient evidence supporting his conviction for wire fraud, and that his conviction for bank fraud must be vacated because of prejudicial spillover from evidence introduced in support of the wire fraud conviction. On January 27, 1998, we rejected these contentions and affirmed the judgment of the district court by unpublished summary·order. *See United States v.·Bouyea*, No.·97–1169, 133 F.3d 908, 1998 WL 29818, at *1 (2d Cir. Jan. 27, 1998). Bouyea petitioned for· rehearing. On July 16, 1998, we entered an order denying Bouyea's petition and withdrawing our previously entered summary order. *See United·States v. Bouyea*, No. 97–1169 (2d Cir. July 16, 1998) (order denying rehearing and withdrawing summary order). We now issue this opinion explaining our judgment of affirmance.

* The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

## BACKGROUND

On February 22, 1996, a federal grand jury returned a three-count indictment charging Bouyea and one co-defendant with two counts of bank fraud and one count of wire fraud. The first bank fraud count alleged that Bouyea engaged in a scheme to defraud Chester Bank by causing Chester Bank to lend money on the basis of forged, false, and fraudulent documents. The second count charged Bouyea with wire fraud for using an interstate facsimile transmission to fraudulently obtain $150,000 in money and property from the Center Capital Corporation ("Center Capital") in a manner affecting Centerbank, a financial institution of which Center Capital is a wholly-owned subsidiary. The third count of the indictment charged Bouyea with bank fraud for devising a scheme or artifice to defraud Founders Bank, a financial institution.

On November 7, 1996, after a five day trial, a jury returned a verdict of guilty on counts two and three, but acquitted the defendants on the first count. The district court denied Bouyea's post-trial motions for a judgment of acquittal, *see* Fed.R.Crim.P. 29, and, in the alternative for a new trial, *see* Fed.R.Crim.P. 33. On February 12, 1997, the district court sentenced the defendant, in principal part, to thirty months' imprisonment, and ordered restitution in the amount of $450,000.

Bouyea appealed, claiming principally that (1) the wire fraud conviction should be reversed because the evidence was insufficient to support the necessary jury findings of intent and materiality; and (2) the bank fraud conviction should be vacated on grounds of "retroactive misjoinder" or "prejudicial spillover" from the wire fraud conviction. On December 22, 1997, Bouyea filed, with leave of this court, a supplemental letter brief positing that his conviction for wire fraud should be reversed because there was insufficient evidence that the fraud against Center Capital "affected a financial institution" within the meaning of 18 U.S.C. § 3293(2).

After hearing oral argument, we affirmed by summary order on January 27, 1998. On June 12, 1998, Bouyea filed a petition for rehearing. On July 16, 1998, we denied this petition as untimely. *See United States v. Bouyea,* No. 97–1169 (2d Cir. July 16, 1998) (order denying rehearing and withdrawing summary order). Nonetheless, Bouyea pointed out certain matters that led us to withdraw our previously entered summary order. *See id.* We now issue this published opinion in its stead.

## DISCUSSION

In considering Bouyea's challenge to the sufficiency of the evidence supporting his wire fraud conviction, we review the evidence "in the light most favorable to the Government." *United States v. Amato,* 15 F.3d 230, 235 (2d Cir.1994). All inferences from the evidence and issues of credibility must be resolved in favor of the verdict. *See United States v. Aulicino,* 44 F.3d 1102, 1114 (2d Cir.1995); *Amato,* 15 F.3d at 235. Bouyea bears "a heavy burden." *United States v. Matthews,* 20 F.3d 538, 548 (2d Cir.1994).

First, Bouyea argues that there is insufficient evidence to prove "intent" and "materiality." In order to convict Bouyea of wire fraud, the government was obligated to prove that he devised a scheme "to defraud, or for obtaining money or property by means of false or fraudulent pretenses, or promises . . . ," and that he used interstate wires or communications to execute the scheme. 18 U.S.C. § 1343. In addition, the government had to prove that Bouyea had a fraudulent intent. *United States v. D'Amato,* 39 F.3d 1249, 1257 (2d Cir.1994); *United States v. Starr,* 816 F.2d 94, 98 (2d Cir.1987). The false representation or failure to disclose must relate to material information. *See United States v. Mittelstaedt,* 31 F.3d 1208, 1216–17 (2d Cir.1994). The government presented more than sufficient evidence for a rational juror to conclude that Bouyea engaged in a scheme to defraud Center Capital; that Bouyea made misstatements in furtherance of that scheme; that he knew of the misstatements and intentionally made them in order to get a loan from Center Capital; that those misstatements were material; and that Bouyea used the interstate wires (that is, a facsimile machine) in order to effectuate

his scheme. Accordingly, we decline to reverse the wire fraud conviction on this ground.

■■■■ The second question is whether the evidence supported the jury's conclusion that Bouyea's scheme "affected a financial institution." Normally, conviction under the federal wire fraud statute does not require proof of an effect on a financial institution. *See* 18 U.S.C. § 1343 (effect on financial institution not an element of the offense, but where "violation affects a financial institution" heightened penalties apply). A five-year statute of limitations generally applies to the filing of a wire fraud indictment. *See* 18 U.S.C. § 3282. However, "if the offense affects a financial institution," then a ten-year statute of limitations applies. 18 U.S.C. § 3293(2). In the present case, the indictment was filed six years after the wire fraud took place. Therefore, the district court charged the jury that in order to convict, the government was required to prove that Bouyea's wire fraud against Center Capital affected a financial institution.

■■■ The defrauded institution, Center Capital, is a wholly-owned subsidiary of Centerbank, which is a financial institution. However, Center Capital is not itself a financial institution within the meaning of the statute. *See United States v. White*, 882 F.2d 250, 251–52 (7th Cir.1989) (leasing corporation, a wholly-owned subsidiary of bank, is not financial institution); 18 U.S.C. § 20 (defining term "financial institution"). Nonetheless, the evidence presented to the jury was sufficient to allow it to conclude that, by defrauding a wholly-owned subsidiary of Centerbank, Bouyea did "affect[ ]" Centerbank, a financial institution, for purposes of § 3293(2). John Coates, credit manager and director of remarketing for Center Capital, testified that Center Capital borrowed the money for its transaction with Bouyea from its parent, Centerbank, and that when Center Capital suffered a $150,000 loss as a result of Bouyea's fraudulent scheme, Centerbank was affected by this loss. This testimony was sufficient to support the finding that a financial institution was affected by the wire fraud.

Insofar as Bouyea argues that the defrauding of a financial institution's subsidiary—leading to a reduction of the financial institution's assets—is insufficient as a matter of law to meet the "affect[ing] a financial institution" requirement of § 3293(2), we easily reject his argument. As the Third Circuit Court of Appeals has found:

> We may quickly dispose of the … argument [that Congress meant to exclude fraud affecting a bank's service subsidiary from § 3282(2) ] for it assumes that a fraud perpetrated against a financial institution's wholly owned subsidiary cannot affect the parent, a clearly untenable assumption. Moreover, whether or not it is possible to perpetrate a fraud against a wholly owned subsidiary without affecting its parent, the statute is clear: it broadly applies to any act of wire fraud "that affects a financial institution." [The defendant's] argument would have more force if the statute provided for an extended limitations period where the financial institution is the object of fraud. Clearly, however, Congress chose to extend the statute of limitations to a broader class of crimes.

*United States v. Pelullo*, 964 F.2d 193, 215–16 (3d Cir.1992). On the facts of this case, the effect of the wire fraud on Centerbank was sufficiently direct so as to support the jury's finding. *See id.* at 216 ("[I]nasmuch as this case involved a parent and a subsidiary it cannot fairly be argued that the effect on the parent … was unreasonably remote as may have been the case if the fraud was directed against a customer of the depository institution which was then prejudiced in its dealings with the institution."). Accordingly, there was sufficient evidence to support the jury's necessary finding that the wire fraud affected a financial institution.

Because we affirm Bouyea's conviction for wire fraud, Bouyea's claim that his bank fraud conviction should be vacated on the basis of "retroactive misjoinder" or "prejudicial spillover" is moot.

■■■ Finally, in his untimely petition for rehearing, Bouyea challenges, for the first time, the jury charge regarding § 3293(2), claiming that the charge may have left the jury confused as to whether the government

had to prove that the wire fraud affected Centerbank. However, Bouyea failed to present this argument to the district court or in his appeal to this court. Therefore, even if his petition were timely, we would deem the jury charge claim waived. *See Anderson v. Branen,* 27 F.3d 29, 30 (2d Cir.1994) (per curiam) (argument raised for first time on petition for rehearing is considered waived).

## CONCLUSION

The judgment of the district court is affirmed.