263 F.Supp.2d 403 (2003)
Jeffrey P. BOUYEA,
v.
UNITED STATES of America
No.3:96 CR 00047 AVC,
No. 3:00 CV 01898 AVC.
United States District Court, D. Connecticut.
May 12, 2003.
*405 William M. Bloss, Jacobs, Grudberg, Belt & Dow, P.C., New Haven, CT, William H. Paetzold, Moriarty & Paetzold, Glastonbury, CT, for Jefrrey P. Bouyea.
Jeffrey P. Bouyea, East Longmeadow, MA, pro se.
Nora R. Dannehy, U.S. Attorney's Office, Hartford, CT, John H. Durham, Barbara Bailey Jongbloed, U.S. Attorney's Office, New Haven, CT, Mark G. Califano, U.S. Attorney's Office, Bridgeport, CT, for U.S.

RULING ON THE PETITIONER'S MTION TO VACATE, SET ASIDE OR CORRECT THE SENTENCE
COVELLO, District Judge.
This is a motion brought pursuant to 28 U.S.C. § 2255 challenging the constitutionality of the trial proceedings that led to the petitioner's conviction for wire fraud and bank fraud, in violation of 18 U.S.C. §§ 1343 and 1344. The petitioner seeks to vacate the sentence imposed by the court on February 12, 1997, and a new trial.
The issues presented are: (1) whether the court constitutionally impaired the trial proceedings that led to the petitioner's conviction by charging the jury that the rules governing the standard for reasonable doubt and the presumption of innocence are "designed to protect the innocent and not the guilty;" (2)(a) whether the court similarly erred by failing to instruct jurors that, in connection with the count of wire fraud, the government was required to prove beyond a reasonable doubt that the fraudulent conduct affected a financial institution, and instead improperly minimized the government's burden of proof by stating "all the government must show. .."; (b) whether the court erred in failing to instruct jurors that the government was required to prove that the fraud affected a financial institution; (c) whether the court erred in failing to instruct jurors of the definition of "financial institution"; and (3) whether the petitioner's attorney was constitutionally ineffective for failing to object to the jury charge to the extent it stated that the standard for reasonable doubt and the presumption of innocence are rules designed to protect the innocent and not the guilty, and for failing pursue the claim on direct appeal.
For the reasons hereinafter set forth, the court concludes: (1) the petitioner has failed to show cause for failing to raise his challenge to the jury charge on direct appeal and, accordingly, he is procedurally barred from asserting the claim here; (2) the petitioner has also failed to show cause for failing to raise his challenge to the jury *406 charge on the law applicable to the federal wire fraud statute and, in any event, the petitioner's contentions are without merit; and (3) the petitioner has failed to demonstrate that his counsel was constitutionally ineffective. The motion is therefore denied.

FACTS
Examination of the motion to vacate, set aside, or correct the sentence, and the responses thereto, disclose the following undisputed, material facts. On February 22, 1996, a grand jury returned a three count indictment charging the petitioner, Jeffrey P. Bouyea, with two counts of bank fraud in violation of 18 U.S.C. § 1344, and once count of wire fraud in violation of 18 U.S.C. § 1343. On October 29, 1996, the parties proceeded to jury trial and, after five days of evidence, on November 7, 1996, the court charged the jury on the law relevant to their deliberations and the crimes charged. As part of that charge, the court instructed the jury on the burden of proof required for a criminal conviction, and a defendant's right to be presumed innocent, stating:
A defendant is presumed innocent unless and until proven guilty. The presumption of innocence alone is sufficient to acquit a defendant if the government has failed to prove the charge beyond a reasonable doubt. As I previously instructed you, the indictment is an accusation, and only that. It is not proof of anything at all nor is it evidence. A defendant is presumed innocent unless and until you, the jury decides, unanimously that the government has proven the defendant's guilt beyond a reasonable doubt. This presumption was with the defendant when the trial began.It remains with him now as I speak to you, and it will continue with the defendant into your deliberations unless and until you are convinced that the government has proven the defendant's guilty beyond a reasonable doubt.
(Jury Charge at 2). The court further instructed the jury on the meaning of the term "beyond a reasonable doubt," stating:
Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based upon your consideration of the evidence, you are firmly convinced that a defendant is guilty of the crime charged, you must find him guilty. If, on the other hand, you think there is a real possibility that he is not guilty, you must give that defendant the benefit of the doubt and find him not guilty.
(Jury Charge at 3).
In connection with count two, the court charged the jury on the elements of the offense of wire fraud under 18 U.S.C. § 1343. Before moving into a substantive discussion of the elements, the court offered a preliminary description of the offense, instructing that:
In order for the defendant to be found guilty of wire fraud, ... the government must prove each of the following elements beyond a reasonable doubt:
First, that there was a scheme to obtain money by means of false or fraudulent pretenses, misrepresentations or promises;
Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and
Third, that in the execution of that scheme, the defendant used or caused *407 the use of the interstate wires as specified in the indictment.
(Jury Charge at 14). The court did not articulate at this juncture the added requirement that the fraudulent scheme affect a financial institution. In the usual wire fraud case, the government need not prove this element. See 18 U.S.C. § 1343. Because, however, in this case the indictment was filed beyond the five year limitations period for wire fraud, the government was required to prove that the fraud affected a financial institution. See United States v. Bouyea, 152 F.3d 192, 194 (2d Cir.1998) (when the wire fraud involves a financial institution, the limitations period is extended from five years to ten years by 18 U.S.C. § 3293(2)). Consequently, immediately following the preliminary description of the wire fraud elements, the court more fully defined the elements applicable here, and specifically stated that:
In order to find a defendant guilty of count two, you must also find that a defendant engaged in a fraudulent scheme that affected a financial institution. You need not find that the defendant intended to defraud a financial institution. All the government must show is that the defendant engaged in a scheme with the specific intent to defraud and that the scheme affected a financial institution.
(Jury Charge at 20 (emphasis added)). Further, prior to trial, the petitioner entered into a stipulation with the government that Centerbank, the allegedly defrauded entity, held deposits insured by the Federal Deposit Insurance Corporation and hence, as a matter of fact, this entity constituted a financial institution within the meaning of the wire fraud statute. See 18 U.S.C. § 20 (defining term "financial institution").
Thereafter, as part of the court's closing instruction, the court charged the jury that,
[I] will remind you again that it is the sworn duty of the courts and jurors to safeguard the rights of persons charged with crime by respecting the presumption of innocence which the law imputes every person so charged and by making the government meet its burden of proving guilt beyond a reasonable doubt. But you must keep in mind that those rules of law are designed to protect the innocent and not the guilty. If and when the presumption of innocence has been overcome by evidence proving beyond a reasonable doubt that the accused is guilty of the crime charged, it is your sworn duty to enforce the law and enter a verdict of guilty.
(Jury Charge at 22 (emphasis added)). At the conclusion of the charge, the court offered counsel the opportunity to note any exceptions to the charge for the record. The petitioner took no exception and offered no objection. On November 7, 1996, the petitioner was convicted of one of two counts of bank fraud and the single count of wire fraud.
On January 13, 1997, the petitioner moved for judgment of acquittal and for a new trial pursuant to Federal Rules of Criminal Procedure 29 and 33, respectively. The court thereafter denied both motions.
On February 12, 1997, the court sentenced the petitioner to 30 months custody, to be followed by five years of supervised release. The court also ordered the petitioner to pay $450,000 in restitution at a rate of $100 per month. On February 21, 1997, the petitioner filed a notice of appeal to the United States Court of Appeals for the Second Circuit. On January 5, 1998, the petitioner argued to the Second Circuit that there was insufficient evidence to support *408 the wire fraud conviction, and that the conviction for bank fraud should be reversed because of prejudicial spillover from evidence introduced in support of the wire fraud conviction. The petitioner did not assert any error arising from the jury charge.
On January 27, 1998, the Second Circuit affirmed the conviction by way of summary order. The defendant thereafter filed a motion seeking reconsideration of that order and, on July 16, 1998, the Second Circuit denied the relief requested, but entered an order withdrawing its previously entered summary order. On August 10, 1998, in a per curiam decision, the Second Circuit rejected the petitioner's contentions and affirmed the judgment in all respects. See United States v. Bouyea, 152 F.3d 192 (2d Cir.1998). On October 31, 1998, the petitioner sought rehearing, with a suggestion for rehearing en banc. On January 14, 1999, the Second Circuit denied the petition. On April 12, 1999, the petitioner filed a petition seeking a writ of certiorari in the United States Supreme Court. On October 4, 1999, the Court denied the petition. On October 3, 2000, the petitioner filed the within motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. On November 6, 2001, the government filed its opposition memorandum. On September 4, 2002, the petitioner filed a reply brief and, on November 6, 2002, the government filed a surreply brief.

DISCUSSION

1. The Jury Charge, the Burden of Proof and the Presumption of Innocence.

The petitioner first argues that, at the time of trial, the court improperly charged the jury that the rules governing a defendant's right to be presumed innocent and to have his guilt established beyond a reasonable doubt were rules "designed to protect the innocent and not the guilty." In the petitioner's view, this language diluted the government's burden of proof and the presumption of innocence that is constitutionally guaranteed to him and, accordingly, his conviction should be reversed in accordance with United States v. Doyle, 130 F.3d 523 (2d Cir.1997). In Doyle, the Second Circuit reversed a conviction based on identical language approximately one month after the court gave the charge in this case.
In response, the government maintains that, because the petitioner, unlike the defendant in Doyle, failed to challenge the charge on direct appeal, the petitioner is entitled to relief under § 2255 only if he can show cause for failing to raise the claim and prejudice resulting therefrom. Because on December 4, 1996, the Second Circuit admonished the district courts that it was "better practice" not to use this type of instruction, see United States v. Ciak, 102 F.3d 38, 44 (2d Cir.1996), and this warning came before the appeal was filed in this case, the government maintains that the claim of error was reasonably available to the petitioner at the time of appeal and, consequently, the petitioner has not demonstrated sufficient cause for relief under § 2255. The court agrees with the government.
"Where a criminal defendant has procedurally forfeited his claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the defendant can demonstrate ... cause for failing to raise the issue, and prejudice resulting therefrom."[1]Rosario v. United States, 164 F.3d 729, 732 (2d Cir.1998).

*409 The reason for this rule is straightforward. A petitioner has already had opportunities to object to alleged errors at trial and on direct appeal. Given the reliability of those procedures and the respect due a final judgment, there must be a valid reason to afford petitioner yet another opportunity to plead his case in federal court.
Degaglia v. United States, 7 F.3d 609, 611 (7th Cir.1993) (citing United States v. Frady, 456 U.S. 152, 164-65, 102 S.Ct. 1584, 1592-93, 71 L.Ed.2d 816 (1982)). The "cause" for failing to raise an issue that is sufficient to invoke § 2255 requires more than a lack of precedence on a particular legal issue. United States v. Smith, 241 F.3d 546, 548 (7th Cir.2001). "Indeed, even when the law is against a contention, a litigant must make the argument to preserve it for later consideration." Id. (citing Bousley v. United States, 523 U.S. 614, 622-24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)); see also Rosario v. United States, 164 F.3d 729, 733 (2d Cir. 1998) (no "cause" for failure to raise Bailey claim on direct appeal despite the fact that an "appeal would have been doomed" under then-existing law of the Second Circuit). "[A] claim that is so novel, [however,] that its legal basis is not reasonably available to counsel may constitute cause for a procedural default." United States v. Sanders, 247 F.3d 139,144-45 (4th Cir.2001).
In this case, on November 7, 1996, the court instructed jurors that the rules governing a defendant's right to be presumed innocent and to have guilt established beyond a reasonable doubt were rules designed to protect the innocent and not the guilty. The defendant did not pursue a claim of error with the Second Circuit, and his failure to do so cannot be said to have occurred because of the novelty of the legal issue. To the contrary, as pointed out by the government and observed here, the Second Circuit decided an identical claim of error weeks before the notice of appeal was filed in this case and there admonished the district courts that it was "better practice" not to use this language. See United States v. Ciak, 102 F.3d 38, 44 (2d Cir.1996). Further, the case law reveals that years earlier, in United States v. Farina, 184 F.2d 18 (2d Cir.1950) and United States v. Bifield, 702 F.2d 342, 350-51 (2d Cir. 1983), the Second Circuit expressed serious reservations concerning this charge. See Farina, 184 F.2d at 23 (affirming conviction over dissent by Judge Franks where trial court gave a substantially similar instruction, with Judge Franks concluding that the instruction "may easily" have misled the jury and that "this very sort of instruction [has been] severely criticized[ ] and made the basis of reversals."); see also Bifield, 702 F.2d at 351 (affirming conviction but conceding that the instruction presented a close question and advising district courts that it was better practice not to use the instruction). Accordingly, the court concludes that the petitioner has failed to demonstrate sufficient cause for failing to bring the issue on direct appeal, and therefore, he is procedurally barred from relief under § 2255.

2. The Jury Charge, Wire Fraud, and Financial Institution

The petitioner next argues that, in connection with the count of wire fraud, the court: (a) erroneously failed to instruct jurors that the government was required to prove beyond a reasonable doubt that the fraudulent conduct affected a financial institution, and instead improperly minimized *410 the government's burden of proof by stating "all the government must show..."; (b) erroneously failed to instruct jurors that the government was required to prove that the fraud affected a financial institution; and (c) erroneously failed to instruct jurors of the definition of "financial institution." In response, the government maintains that these contentions are without merit and that, in any event, the claims are procedurally barred because the petitioner cannot show either cause or prejudice. Again, the court agrees with the government.
A set forth supra, "[wjhere a criminal defendant has procedurally forfeited his claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the defendant can demonstrate ... cause for failing to raise the issue, and prejudice resulting therefrom." Rosario v. United States, 164 F.3d 729, 732 (2d Cir.1998). In this case, the petitioner offers no explanation for his failure to raise these issues either at the time of the charge or on direct appeal and accordingly, he has failed to demonstrate cause. In any event, the petitioner suffered no prejudice because none of his contentions have merit. In this regard, the court did, in fact, charge the jury that to convict under the wire fraud statute, the jury was required to find that the fraudulent conduct affected a financial institution. While the financial institution element was omitted from the court's initial description of the wire fraud elements (as it is not an element that is usually required for conviction), the court did thereafter charge in this case that:
In order to find a defendant guilty of count two, you must also find that a defendant engaged in a fraudulent scheme that affected a financial institution. You need not find that the defendant intended to defraud a financial institution. All the government must show is that the defendant engaged in a scheme with the specific intent to defraud and that the scheme affected a financial institution.
(Jury Charge at 20 (emphasis added)). Further, the court instructed the jury several times that, to convict, the government was required to prove an offense beyond a reasonable doubt (see Jury Charge at 2, 3 and 22). While the above language does include the phrase "all the government must show"this statementwhen read in light of the full paragraph, does not refer to the government's burden of proof. Rather, is simply explains that the crime of wire fraud turns on the intent to defraud itself, and not the intent to defraud a financial institution. Based on a review of the charge as a whole, the court concludes that the petitioner has failed to show any error or prejudice. See United States v. Salameh, 152 F.3d 88, 142 (2d Cir.1998) ("In considering whether there is prejudice, [the court views] as a whole the charge actually given"). Finally, no prejudice can be found on account of the court's failure to instruct the jury on the definition of financial institution for purposes of the wire fraud statute. The petitioner entered into a stipulation with the government prior to trial that Centerbank, the defrauded entity, held deposits insured by the Federal Deposit Insurance Corporation and hence, as a matter of fact, this entity constituted a financial institution within the meaning of the wire fraud statute. See 18 U.S.C. § 20 (defining term "financial institution").

3. Ineffective Assistance of Counsel

The petitioner next argues that his trial counsel was constitutionally ineffective for failing to object to the jury charge to the extent it stated that the rules governing a defendant's right to be presumed innocent and to have his guilt established *411 beyond a reasonable doubt were rules designed to protect the innocent and not the guilty. In the petitioner's view, because reasonably competent counsel in this district in 1996 would have objected based upon the state of the law at the time, his counsel's failure to object and pursue the issue on appeal was inexplicable and cost him a new trial. In response, the government maintains that, because the state of the law at the time of both the trial and appeal did not support a reasonable probability that the Second Circuit would rule in the petitioner's favor, counsel's failure to object or pursue the issue on appeal did not constitute error entitling the petitioner to relief and that, in any event, the petitioner cannot show prejudice. The court agrees with the government.
"The guarantee of counsel in criminal trials protects the fundamental right to a fair trial afforded by the Sixth Amendment." Lindstadt v. Keane, 239 F.3d 191, 198 (2d Cir.2001). "To give substance to this right, counsel must be reasonably effective." Id. (citing McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)). Pursuant to Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the standard for demonstrating ineffective assistance of counsel is a difficult one, as "[j]udicial scrutiny of counsel's performance must be highly deferential," and the court will grant counsel great latitude in the reasonableness of his conduct of the case. Id. at 689, 104 S.Ct. 2052. To prevail on such a claim, the petitioner must: (1) overcome a strong presumption that counsel's conduct was reasonable and show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) affirmatively prove prejudice by demonstrating that, but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. Id. at 688, 104 S.Ct. 2052. Further, a court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690,104 S.Ct. 2052.
In determining whether counsel's failure to object to the charge was unreasonable, the court must assess whether, at the time when the court delivered the jury charge, "precedent supported a `reasonable probability' that a higher court would rule in [the] defendant's favor." Bloomer v. United States, 162 F.3d 187, 193 (2d Cir.1998). The court is not persuaded that such a reasonable probability existed. At the time the court charged the jury in this case, the Second Circuit had upheld jury instructions substantially similar to those at issue here. In United States v. Bifield, 702 F.2d 342 (2d Cir. 1983), the court considered a similar instruction and, while admonishing the district courts that it was better practice not to use the instruction, see id. at 351, it nevertheless upheld the instruction finding that "the instructions given by the court, when read in thenentirety, were sufficiently clear as not to dilute the presumption of innocence to which the appellant is entitled." Id. In reaching this conclusion, the Bifield court relied on an earlier decision of the Second Circuit where the court had expressed reservation concerning the instruction, but concluded that, upon review of the charge as a whole:
These instructions were so clear and explicit, that any generalization indulged in by the judge to the effect that the presumption was not intended as a bulwark behind which the guilty might hide could not, in our opinion, mislead the jury regarding the duty of the Government to go forward with convincing proof before a verdict of guilty could properly be rendered.
*412 United States v. Farina, 184 F.2d 18, 21 (2d Cir.1950). The court therefore concludes that, given the state of the law as it existed at the time of the jury charge, counsel's failure to object to the charge did not fall below an objective standard of reasonableness under prevailing professional norms. See e.g., Walker v. Jones, 10 F.3d 1569, 1573 (11th Cir.1994) (characterizing as reasonable an attorney's failure to object to instructions since the state courts had rejected similar claims, and the Supreme Court had yet to rule on the issue); see also Elledge v. Bugger, 823 F.2d 1439, 1443 (11th Cir. 1987) ("Reasonably effective representation does not include a requirement to make arguments based on predictions of how the law may develop").
Because the court is of the opinion that counsel acted reasonably at trial, the only remaining issue is whether the petitioner's attorney can be deemed ineffective for not raising the issue on direct appeal. In the petitioner's view, because during the interval between the notice of appeal on February 21, 1997, and oral argument before the Second Circuit on January 5, 1998, the Second Circuit issued its decision in United States v. Doyle, 130 F.3d 523 (2d Cir. December 4, 1997) in which it reversed a conviction based on identical jury charge languagehis attorney was ineffective for failing to supplement his appeal.
Without deciding whether counsel's failure to raise the claim was unreasonable given the state of the law, the court concludes that, because the petitioner cannot prove prejudice arising from the alleged error, he is not entitled to relief under § 2255. The petitioner, unlike the defendant in Doyle, did not object at trial to the jury charge and thus surrendered his right to de novo review. If he had supplemented his appellate brief and raised the claim, the Second Circuit could have corrected the error only if the petitioner had shown plain error, a review requiring a showing that, among other things, the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. United States v. Thomas, 274 F.3d 655, 667 (2d Cir.2001). The court is not persuaded that the error had such an effect. As set forth, supra, the court clearly stated to the jury that "[a] defendant is presumed innocent unless or until you, the jury decides, unanimously, that the government has proven the defendant's guilt beyond a reasonable doubt." (Jury Charge at 2). The charge also provided that "this presumption was with the defendant when the trial began. It remains with him now as I speak to you, and it will continue with the defendant into your deliberations unless and until you are convinced that the government has proven defendant's guilt beyond a reasonable doubt." (Jury Charge at 2). At the conclusion of the charge, the court again reminded the jury of their duty to respect the presumption of innocence. (Jury Charge at 22)., The language at issue, that is, "those rules of law are designed to protect the innocent and not the guilty" came only after repeated enunciations of the proper standard. Consequently, upon review of the charge as a whole, the court is not persuaded that under plain error review, there is a reasonable probability that the court of appeals would have determined that the charge seriously affected the fairness, integrity, or public reputation of the judicial proceedings. See e.g., Doyle, 130 F.3d at 534 (emphasizing that where the Second Circuit had affirmed in the past jury charges containing substantially identical language as that condemned here, the charges "were evaluated under the extremely deferential `plain error' standard of review"). Hence, the petitioner has failed to establish prejudice arising from his attorney's failure to bring the claim on direct appeal and, consequently, *413 he has failed to demonstrate ineffective assistance of counsel.

CONCLUSION
For the forgoing reasons, the petitioner's motion to vacate, set aside, or correct the sentence (document no. 1) is DENIED.
NOTES
[1] A criminal defendant who demonstrates actual innocence is also not precluded from seeking relief under § 2255. Rosario v. United States, 164 F.3d 729, 732 (2d Cir.1998) (citing Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998)). This point, however, is not relevant here because there is no claim of actual innocence.