Jeffrey P. BOUYEA, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 04–1475.

United States Court of Appeals, Second Circuit.

March 2, 2005.

William M. Bloss, Koskoff Koskoff & Bieder, P.C., Bridgeport, CT, for Appellant.

William J. Nardini, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney, on the brief), United States Attorney's Office for the District of Connecticut, Hartford, CT, for Appellee.

\* The Honorable Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

PRESENT: LEVAL, CABRANES and KATZMANN, Circuit Judges.

## SUMMARY ORDER

On February 22, 1996, a grand jury indicted petitioner Jeffrey P. Bouyea on two counts of bank fraud, in violation of 18 U.S.C. § 1344, and on one count of wire fraud, in violation of 18 U.S.C. § 1343. *Bouyea v. United States*, 263 F.Supp.2d 403, 406 (D.Conn.2003). A jury trial commenced on October 29, 1996, and the jury instructions were delivered on November 7, 1996. *Id.* The instructions included the following passage:

> I will remind you again that it is the sworn duty of the courts and jurors to safeguard the rights of persons charged with crime by respecting the presumption of innocence which the law imputes to every person so charged and by making the government meet its burden of proving guilt beyond a reasonable doubt. *But you must keep in mind that those rules of law are designed to protect the innocent and not the guilty.* If and when the presumption of innocence has been overcome by evidence proving beyond a reasonable doubt that the accused is guilty of the crime charged, then it is your sworn duty to enforce the law and enter a verdict of guilty.

Jury Charge at 22 (emphasis added). Petitioner's trial counsel did not object to this charge. *Bouyea*, 263 F.Supp.2d at 407. On the same day, the jury convicted petitioner on two of the three counts. *Id.*

Petitioner appealed his conviction to this Court, but did not challenge the propriety of the jury instruction quoted above. This Court heard oral argument on petitioner's direct appeal on January 5, 1998, and then affirmed petitioner's conviction. *See United States v. Bouyea*, 152 F.3d 192 (2d Cir.1998).

On October 3, 2000, petitioner moved in the District Court to vacate his sentence, pursuant to 28 U.S.C. § 2255. He argued, *inter alia*, that he was afforded constitutionally ineffective assistance of trial counsel because counsel failed to object to the statement in the jury instruction that "rules of law are designed to protect the innocent and not the guilty"—a statement that, at the time of petitioner's trial, was permitted but discouraged by this Court. *See United States v. Bifield*, 702 F.2d 342, 351 (2d Cir.1983). The District Court denied petitioner's § 2255 motion in a Ruling on the Petitioner's Motion To Vacate, Set Aside or Correct the Sentence, dated May 12, 2003. *Bouyea*, 263 F.Supp.2d 403. With respect to the claim of ineffective assistance of trial counsel, the Court reasoned that counsel's "failure to object to the charge did not fall below an objective standard of reasonableness under prevailing professional norms." *Id.* at 412. Petitioner now appeals the denial of his § 2255 motion.[1]

We have considered all of petitioner's arguments and find them without merit. Substantially for the reasons stated in the District Court's Ruling on the Petitioner's

---

1. On December 4, 1997—after petitioner's trial but approximately one month before the oral argument in petitioner's direct appeal—this Court held in *United States v. Doyle*, 130 F.3d 523, 533–39 (2d Cir.1997), that a jury instruction similar to that given in petitioner's trial, when objected to at trial, was grounds for reversal on direct appeal. Petitioner argued in the District Court that he was afforded ineffective assistance of appellate counsel because his direct appeal was not supplemented on the basis of *Doyle*. *Bouyea*, 263 F.Supp.2d at 412. The District Court rejected this argument. *Id.* at 412–13. Because petitioner conceded at oral argument that he appeals only the issue of ineffective assistance of *trial* counsel, we need not review the District Court's decision with respect to ineffective assistance of *appellate* counsel.

Motion To Vacate, Set Aside or Correct the Sentence, dated May 12, 2003, we AFFIRM.