13-3119(L)
United States v. Heinz

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2014

(Argued: May 15, 2015          Decided: June 4, 2015)

Docket Nos. 13-3119-cr(L), 13-3121-cr(CON), 13-3296-cr(CON),
14-1845-cr(CON), 14-1857-cr(CON), 14-1859-cr(CON)

———————————————————

UNITED STATES OF AMERICA,

*Appellee,*

v.

GARY HEINZ, MICHAEL WELTY, PETER GHAVAMI,

*Defendants-Appellants.*

———————————————————

Before:

WINTER, LOHIER, and CARNEY, *Circuit Judges.*

Defendants-appellants Gary Heinz, Michael Welty, and Peter Ghavami appeal from judgments of conviction entered by the United States District Court for the Southern District of New York (Wood, J.), following a jury trial where the Defendants were convicted of conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 371 and 1349 and, as to Heinz and Ghavami, wire fraud in violation of 18 U.S.C. § 1343. On appeal, the Defendants argue that the District Court erred by denying their motion to dismiss the superseding indictment as time barred. We **AFFIRM**.

> MARC L. MUKASEY (Philip J. Bezanson, *on the brief*),
> Bracewell & Giuliani LLP, New York, NY, *for*
> *Defendant-Appellant* Gary Heinz.

GREGORY L. POE (Preston Burton, Rachel S. Li Wai Suen, *on the brief*), Poe & Burton PLLC, Washington, DC, *for Defendant-Appellant* Michael Welty.

NATHANIEL Z. MARMUR, Law Offices of Nathaniel Z. Marmur, PLLC, New York, NY (Charles A. Stillman, James A. Mitchell, Mary Margulis-Ohnuma, Ballard Spahr Stillman & Friedman, LLP, New York, NY, *on the brief*), *for Defendant-Appellant* Peter Ghavami.

DANIEL E. HAAR, Attorney (Brent Snyder, Deputy Assistant Attorney General, James J. Fredricks, Finnuala K. Tessier, Kalina Tulley, Jennifer Dixton, Attorneys, *on the brief*), U.S. Department of Justice, Antitrust Division, Washington, DC, *for Appellee.*

PER CURIAM:

Defendants-appellants Gary Heinz, Michael Welty, and Peter Ghavami appeal from judgments of conviction entered by the United States District Court for the Southern District of New York (Wood, J.), following a jury trial where the Defendants were convicted of conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 371 and 1349 and, as to Heinz and Ghavami, wire fraud in violation of 18 U.S.C. § 1343.  On appeal, the Defendants argue that the District Court erred by denying their motion to dismiss the superseding indictment as time barred.[1]  We AFFIRM.

---

[1] We address the Defendants' remaining arguments in a separate summary order filed simultaneously with this opinion.

## BACKGROUND

Heinz, Welty, and Ghavami were convicted in connection with schemes to defraud municipalities, the Department of the Treasury, and the Internal Revenue Service by manipulating the bidding process for municipal bond reinvestment agreements and other municipal finance contracts while employed at UBS Financial Services, Inc. ("UBS").

Before trial, the Defendants moved to dismiss the superseding indictment as untimely, arguing that the District Court should apply the five- or six-year statute of limitations for wire fraud and wire fraud conspiracies, see 18 U.S.C. § 3282(a); 26 U.S.C. § 6531(1), and that each fraudulent transaction identified in the indictment was completed more than six years before that indictment was filed. In denying the motion, the District Court concluded that the evidence the Government intended to submit at trial was enough to permit a jury to find that the Defendants' conduct "affect[ed] a financial institution" within the meaning of 18 U.S.C. § 3293(2), and thereby extend the statute of limitations to ten years under § 3293(2). The Government's proffered evidence comprised non-prosecution agreements and settlement agreements (the "Bank Agreements") that UBS and two other

3

co-conspirator banks entered into with the Department of Justice, other federal regulatory agencies, and various state attorneys general; testimony from representatives of these banks that the Bank Agreements resulted from the conduct charged in the superseding indictment; and documents reflecting that some of the Bank Agreements discuss the particular transactions referenced in the indictment. In the Bank Agreements, the three financial institutions admitted wrongdoing, accepted responsibility for the illegal conduct of certain former employees, and agreed to pay more than $500 million in fines and restitution to federal agencies and municipalities. The banks also incurred attorney's fees arising from the investigations that resulted in the Bank Agreements.

Following the District Court's denial of the Defendants' motion to dismiss, the parties stipulated that "each offense charged in the above-captioned matter, if proven beyond a reasonable doubt to have occurred, affected a financial institution for purposes of 18 U.S.C. § 3293(2) and 18 U.S.C. § 1343." App'x 1911.

The jury convicted Heinz, Welty, and Ghavami of conspiracy to commit wire fraud, and convicted Heinz and Ghavami of substantive wire fraud.

4

**DISCUSSION**

The Defendants orally preserved their right to appeal their legal arguments regarding the statute of limitations issue, and the District Court confirmed the Defendants' understanding that they had preserved those arguments. Accordingly, we address the merits.

18 U.S.C. § 3293(2) extends to ten years the statute of limitations for wire fraud offenses (including conspiracy to commit wire fraud) "if the offense affects a financial institution." 18 U.S.C. § 3293(2). "[T]he verb 'to affect' expresses a broad and open-ended range of influences." United States v. SKW Metals & Alloys, Inc., 195 F.3d 83, 90 (2d Cir. 1999). The plain language of § 3293(2) makes clear that "Congress chose to extend the statute of limitations to a broader class of crimes" than those in which "the financial institution is the object of fraud." United States v. Bouyea, 152 F.3d 192, 195 (2d Cir. 1998) (quotation marks omitted). And so § 3293(2) "broadly applies to any act of wire fraud that affects a financial institution," provided the effect of the fraud is "sufficiently direct." Id. (quotation marks omitted).

We conclude that the Defendants' wire fraud offenses "affected" the three banks in this case within the meaning of § 3293(2). It is undisputed that

5

the banks executed the Bank Agreements prompted in part by the fraudulent conduct of the Defendants and their co-conspirators. As a result, the banks incurred significant payments and related fees, which were foreseeable to the Defendants at the time of their fraudulent activity. The role of the banks as co-conspirators in the criminal conduct does not break the necessary link between the underlying fraud and the financial loss suffered.

Since the relevant charges in the superseding indictment were well within the applicable ten-year statute of limitations, the District Court properly denied the motion to dismiss.

**CONCLUSION**

We have considered the Defendants' remaining arguments and conclude that they are without merit. For the reasons stated herein and in the separate summary order accompanying this opinion, the judgments of the District Court are AFFIRMED.