RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 21a0073p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellant*,

*v.*

BRENT MICHAEL EDINGTON,

*Defendant-Appellee*.

No. 20-1420

Appeal from the United States District Court
for the Western District of Michigan at Marquette.
No. 2:19-cr-00008-1—Robert J. Jonker, District Judge.

Decided and Filed: March 29, 2021

Before: COLE, Chief Judge; SILER and GIBBONS, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Kristin M. Pinkston, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellant. Sanford A. Schulman, Detroit, Michigan, for Appellee.

_____

## OPINION

_____

SILER, Circuit Judge. The government appeals the district court's dismissal of a felony information charging Brent Edington with conspiracy to violate 18 U.S.C. § 1014. The district court granted Edington's motion to dismiss based on the idea that a conspiracy offense under 18 U.S.C. § 371 necessarily falls under the five-year statute of limitations in 18 U.S.C. § 3282(a). The government argued that the district court's decision is at odds with the plain language of 18 U.S.C. § 3293(1) and applicable case law. The plain language of § 3293(1)

expressly provides a 10-year limitations period for certain offenses including "a violation of, or a conspiracy to violate . . . section . . . 1014." 18 U.S.C. § 3293(1). Therefore, we REVERSE the district court's dismissal of the information based on the statute of limitations and REMAND the case for further proceedings.

I.

In 2019, the government filed a felony information charging Edington with conspiring to violate 18 U.S.C. § 1014, which makes it illegal to "knowingly make[] a false statement or report . . . for the purpose of influencing in any way the action of the" Farm Services Agency. The information contained the following allegations.

In March 2012, Edington and his father agreed Edington would apply for a Farm Services Agency (FSA) farm operating loan and list assets belonging to his father as collateral. Edington submitted the applicable forms, including a list of his assets to be used as collateral. Edington listed many assets he did not own.[1] On April 30, 2012, Edington signed the terms and conditions of the FSA loan. On June 5, 2012, Edington filled out and submitted the security agreement, which pledged assets owned not by Edington but by his father. Later that month, Edington presented a handwritten document to the FSA falsely claiming he had purchased cattle from his friend's father.

After Edington defaulted on the loans, his father died, and Edington did not inherit or receive the assets listed in the security agreement. In February 2016, Edington signed a sworn statement falsely stating that he had purchased cattle from his friend's father. Edington later admitted that he lied. The United States Attorney's Office for the Western District of Michigan issued a target letter to Edington, negotiated plea resolution, and filed a felony information charging Edington with conspiracy to make false statements to influence the FSA in violation of 18 U.S.C. § 371 and § 1014. Edington appeared before a magistrate judge and entered a plea of guilty to the felony information pursuant to a plea agreement and the magistrate judge recommended that the district court accept Edington's guilty plea. In 2019, the district court

---

[1]The district court noted that there are issues with the factual basis supporting the tendered plea including facts that negate the element of intent to defraud. We decline to address any factual basis issues because the district court granted Edington's motion to dismiss based only on the statute of limitations.

rejected the magistrate judge's report and recommendation due to "concerns regarding a potential statute of limitations defense, and potential gaps in the factual basis defendant was prepared to admit."

In 2020, the district court granted Edington's motion to dismiss based on the five-year statute of limitations under 18 U.S.C. § 3282(a).  The district court acknowledged there is no other statutory vehicle to charge a conspiracy to violate § 1014 and opined that to the extent there was a "statutory gap," it was "for Congress to fill."  The government appealed.

## II.

We review decisions granting motions to dismiss on statute of limitations grounds de novo.  *United States v. Grenier*, 513 F.3d 632, 636 (6th Cir. 2008).

## III.

The government argues that while the five-year limitations period in § 3282(a) applies to many conspiracies charged under § 371, where the object of the conspiracy is a violation of § 1014, the statute mandates that § 3293(1)'s ten-year statute of limitations governs.

The plain language of a statute is the starting point for its interpretation.  *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980).  It "should also be the ending point if the plain meaning of that language is clear."  *United States v. Jackson*, 635 F.3d 205, 209 (6th Cir. 2011) (citation omitted).  A statute must, if possible, be construed in such a way that every word has effect.  *Hoffman v. Conn. Dept. of Income Maint.*, 492 U.S. 96, 103 (1989) (internal citations omitted).  Statutes of limitations for criminal cases are "to be liberally interpreted in favor of repose," *United States v. Habig*, 390 U.S. 222, 227 (1968) (citation omitted), but courts should not apply that principle to negate the plain meaning of the statutory text, *id.* at 226-27.

The five-year statute of limitations in § 3282(a) generally applies to § 371 violations unless a different statute of limitations explicitly applies.  *See United States v. Lash*, 937 F.2d 1077, 1081 (6th Cir. 1991).  Section 3293 extends the statute of limitations from five to ten years for certain crimes including a violation of 18 U.S.C. § 1014 and a conspiracy to violate § 1014:

> No person shall be prosecuted, tried or punished for a violation of or *a conspiracy to violate* – . . . (1) section . . . 1014 . . . unless the indictment is returned or the information is filed within 10 years after the commission of the offense.

18 U.S.C. § 3293 (emphasis added). The plain language expressly includes a "conspiracy to violate" § 1014. Accordingly, courts must apply a ten-year statute of limitations to a charge of conspiracy to violate any of the named sections. *See United States v. Knipp*, 963 F.2d 839, 841, 843 (6th Cir. 1992) (upholding defendants' convictions and applying the ten-year statute of limitations pursuant to § 3293 for "one count of conspiracy (a) to defraud a federally insured financial institution and (b) to misapply the monies, funds, credits and securities of a federally insured financial institution in violation of 18 U.S.C. § 371," among others); *see also United States v. Raza*, 876 F.3d 604, 607 n.5 (4th Cir. 2017); *United States v. Heinz*, 790 F.3d 365, 367 (2d Cir. 2015).

The felony information charges Edington with a conspiracy to violate § 1014. The information listed the general conspiracy statute, 18 U.S.C. § 371, and § 1014, as the basis for the charge. Edington's plea agreement describes the offense as a conspiracy "to defraud," but the felony information to which he pleaded guilty charges a conspiracy to violate § 1014. The charge of conspiracy to violate § 1014 falls under the ten-year statute of limitations in § 3293(1).

The most recent alleged overt acts listed in the filed information occurred in 2012. The government filed the felony information on June 3, 2019, before the expiration of the ten-year period in 2022. Here, § 3293(1) applies because the object of the conspiracy was a violation of § 1014, and, therefore, the charges against Edington were timely.

The district court relied on *United States v. Rabhan*, 2007 WL 9627795, No. 4:06-CR-124-P-B (N.D. Miss. June 28, 2007), in its determination to apply the five-year statute of limitations. In *Rabhan*, the court held that § 3293 did not apply because the underlying aiding and abetting offense required not just a § 1014 charge, but also a charge under 18 U.S.C. § 2. *Id.* at *2. However, *Rabhan* involved a charge of *aiding and abetting* a violation of § 1014 and not a *conspiracy to violate* § 1014. The court in *Rabhan*—in applying the five-year statute of limitations—explicitly contrasted aiding and abetting § 1014 with a conspiracy to violate § 1014, which it stated would indeed be subject to the ten-year limitations period. *Id.* It stated that

"[n]either a violation nor a conspiracy to violate § 1014 is involved in Count 8 regarding [the defendant]. Rather, [the defendant] is charged with aiding and abetting someone else's violation of § 1014." *Id.* Therefore, the ten-year statute of limitations applies in Edington's case.

In sum, we reverse the district court's dismissal on statute of limitations grounds. The plain language of 18 U.S.C. § 3293(1) explicitly provides a ten-year statute of limitations for a conspiracy to violate § 1014.

REVERSED and REMANDED.