214 F.3d 361 (2nd Cir. 2000)
 UNITED STATES OF AMERICA, Appellee,
v.
DORIAN C. HOWARD, JR., CARL J. MARSHALL, III, a/k/a CJ, MICHAEL A. NEMBHARD, a/k/a Sealed Deft. 1, a/k/a Michael Johnson, a/k/a Big Mike, Defendants,
ANTHONY HENDERSON, a/k/a Sealed Deft. 4, MARVIN E. HENDERSON, a/k/a Sealed Deft. 1, OLANJE J. CARPENTER, a/k/a Sealed Deft. 2, a/k/a OJ, a/k/a Carpenter J. Olanje, SHANE D. MYERS, a/k/a Sealed Deft. 3, Defendants-Appellants.
 Docket Nos. 98-1430, 98-1472, 98-1534, 98-1618
August Term, 1999
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Argued: November 8, 1999
Decided: June 15, 2000
 
 Appeal from a conviction in the United States District Court for the Northern District of New York (Rosemary S. Pooler, Judge) for various drug offenses and for knowing possession of a stolen firearm. We reverse the firearm conviction for insufficient evidence and affirm the rest.
 BRUCE BRYAN (James P. McGinty, on the brief), Syracuse, New York, for Defendant-Appellant Anthony Henderson.
 RICHARD P. PLOCHOCKI, Syracuse, New York, for Defendant-Appellant Marvin E. Henderson.
 LAURENCE A. WANGERMAN, Syracuse, New York, for Defendant-Appellant Olanje J. Carpenter.
 CRAIG P. SCHLANGER, Syracuse, New York for Defendant-Appellant Shane D. Myers.
 Anthony Henderson, Bradford, Pennsylvania, Pro Se.
 GRANT C. JAQUITH, Assistant United States Attorney (Thomas J. Maroney, United States Attorney for the Northern District of New York, on the brief), Albany, New York, for Appellee.
 Before: WINTER, Chief Judge, CARDAMONE, and STRAUB, Circuit Judges.
 WINTER, Chief Judge:
 
 
 1
 Anthony Henderson, Marvin Henderson, Olanje Carpenter, and Shane Myers appeal from convictions by a jury before Judge Pooler. All were convicted of drug charges, and Myers was also convicted of weapons charges. In a separate summary order filed this day, we have affirmed the district court with respect to appellants' challenges to their convictions and sentences based on the drug charges and two of Myers's three challenges based on weapons charges. Because there was insufficient evidence to support Myers's conviction under count 17 for knowing possession of a stolen firearm, we reverse and remand.
 
 
 2
 On July 9, 1996, Magistrate Judge DiBianco issued a warrant for Myers's residence at 409 South Plain Street, Ithaca, New York. The warrant was executed on the following day, and appellant was arrested at that time. Police seized cash, drug paraphernalia, ammunition, and two guns.
 
 
 3
 The gun at issue on this appeal was a .32-caliber semiautomatic Davis Industries handgun. At trial, the government presented testimony from the last legitimate owner of record to establish that it had been stolen from his home in North Carolina in 1993. The government also presented testimony sufficient to establish that there was no legitimate ownership after the theft. Finally, the government established that the .32-caliber handgun was located in the same case as the other seized gun, which had an obviously obliterated serial number and possession of which was therefore illegal under 18 U.S.C. § 922(k) ("It shall be unlawful for any person knowingly . . . to possess . . . any firearm which has had the importer's or manufacturer's serial number . . . obliterated . . . .").
 
 
 4
 With regard to the .32-caliber handgun, Myers was convicted for unlawfully possessing a "stolen firearm . . . which ha[d] been shipped or transported in[] interstate . . . commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm . . . was stolen," 18 U.S.C. § 922(j). He challenges this conviction on the ground that the evidence of his knowledge was legally insufficient.
 
 
 5
 We review a sufficiency challenge "in the light most favorable to the Government" and resolve all inferences from the evidence and issues of credibility in favor of the verdict. United States v. Bouyea, 152 F.3d 192, 194 (2d Cir. 1998) (per curiam), cert. denied, 120 S. Ct. 245 (1999). We may overturn a jury's verdict only if we determine that a rational trier of fact could not have "found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The burden of establishing legally insufficient evidence is a "heavy" one. Bouyea, 152 F.3d at 194.
 
 
 6
 Nevertheless, we agree with Myers that the government failed to present sufficient evidence to permit a reasonable jury to conclude beyond a reasonable doubt that he knew or had reason to know that the firearm was stolen. A knowing violation of Section 922(j) means only that the defendant had to have "factual knowledge as distinguished from knowledge of the law." Bryan v. United States, 524 U.S. 184, 192-93 & n.14 (1998) (quoting Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 345 (1952) (Jackson, J., dissenting)). The government did not have to establish that appellant knew that possessing a stolen firearm was unlawful or "adduce specific evidence to prove that 'an evil-meaning mind' directed the 'evil-doing hand'"; rather, the government had merely to show that appellant knew or had reason to know that the gun that he possessed was stolen. See id. (quoting Morissette v. United States, 342 U.S. 246, 251 (1952)). Nevertheless, it failed to make that showing.
 
 
 7
 The government's main argument is that the jury could have inferred that appellant had reason to know the gun was stolen because he could not have acquired it lawfully. The government's premise is correct. Appellant's acquisition of the gun was necessarily unlawful because he was a convicted felon. See 18 U.S.C. § 922(g)(1). However, the fact that appellant may have known that as a convicted felon he could not lawfully obtain a firearm does not tend to prove that he had reason to know that the gun in question was stolen. We have no basis on this record or on the arguments made to us to opine that such a significant portion of guns sold on the "black market" are stolen that a purchaser would likely share such knowledge and believe that any particular gun sold on that market was even highly likely to have been stolen. Nor was there evidence that appellant stole the gun himself or was somehow in league with the thief. The record is silent as to the circumstances under which he came into possession of the gun, apart from the fact of possession itself.
 
 
 8
 The only other fact relied upon by the government to establish the requisite knowledge is that the handgun at issue was found alongside the gun with the obliterated serial number. It suffices to say that we fail to see how that fact strengthens the government's case.
 
 
 9
 The inference pressed by the government -- possession of a stolen gun suffices to show knowledge that it was stolen -- would essentially render the statute's knowledge requirement superfluous and expose individuals possessing stolen guns to strict liability, contrary to the statute's express language and history. Cf. Staples v. United States, 511 U.S. 600, 605 (1994) ("[D]etermining the mental state required for commission of a federal crime requires 'construction of the statute and . . . inference of the intent of Congress.'" (quoting United States v. Balint, 258 U.S. 250, 253 (1922))).
 
 
 10
 Although Congress has amended Section 922(j) in recent years to broaden the provision's scope, both by imposing liability for mere possession of a stolen firearm and by loosening the required interstate commerce nexus, Congress has unvaryingly required that anyone convicted under Section 922(j) be shown to have known, or to have had reason to know, that the firearm was stolen. See Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 110511, 108 Stat. 1796, 2019 (1994) (inserting language to permit liability for "possess[ing]" stolen firearm and inserting "either before or after it was stolen" after "interstate . . . commerce"); Crime Control Act of 1990, Pub. L. No. 101-647, § 2202(a), 104 Stat. 4789, 4856 (1990) (substituting "which constitutes, or which has been shipped or transported in, interstate . . . commerce" for "or which constitutes, interstate . . . commerce"); Gun Control Act of 1968, Pub. L. No. 90-618, § 102, 82 Stat. 1213 (1968). Congress's seriousness about the need to establish scienter for firearms offenses is further demonstrated by the Firearms Owners' Protection Act of 1986, which added a new scienter requirement to many other penalties under Section 922. See Bryan, 524 U.S. at 187-88; see also Firearms Owners' Protection Act, Pub. L. No. 99-308, §§ 1, 104(a)(1), 100 Stat. 449, 456 (1986) ("[A]dditional legislation is required to reaffirm the intent of the Congress . . . that 'it is not the purpose of this title to place any undue or unnecessary Federal restrictions or burdens on law-abiding citizens with respect to the . . . possession . . . of firearms appropriate to the purpose of . . . lawful activity . . . .'" (quoting § 101, 82 Stat. at 1213)). We conclude, therefore, that Congress did not intend that scienter under Section 922(j) be established by showing only that a gun was in fact stolen.
 
 
 11
 We therefore overturn appellant's conviction under count 17 and remand to the district court for appropriate resentencing, if any, consistent with this opinion.