08-5453-cr
United States v. Jones

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand and ten.

PRESENT:

GUIDO CALABRESI
ROESEMARY S. POOLER,
*Circuit Judges*,
LAWRENCE E. KAHN[*]
*District Judge*.

---

DEAN JONES,

*Defendant-Appellant*,

-v.-                                                            No. 08-5453-cr

UNITED STATES OF AMERICA

*Appellee..*

---

| | |
|---|---|
| Appearing for Appellant: | Donald D. DuBoulay, New York, N.Y. |
| Appearing for Appellee: | Michael D. Maimin, of counsel to Preet Bharara, United States Attorney for the Southern District of New York (Katherine Polk Failla, *on the brief*), New York, N.Y. |

---

[*] The Honorable Lawrence E. Kahn, United States District Court for the Northern District of New York, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Crotty, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Dean Jones appeals from a judgment of conviction of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), entered on November 3, 2008, in the United States District Court for the Southern District of New York (Crotty, *J.*), following a bench trial. We assume the parties' familiarity with the case's facts and procedural history, and the issues on appeal.

We find Jones's Fourth Amendment and sufficiency of the evidence claims to be without merit. Jones's Fourth Amendment claims are that (1) he had a reasonable expectation of privacy such that he had standing to challenge the stop of the cab in which he was a passenger; and (2) the arresting officers did not have reasonable suspicion to stop the cab and therefore could not use any evidence found as a result of the stop. We assume, without deciding, that Jones had standing to challenge the search. *See United States v. Paulino*, 850 F.2d 93, 96 (2d Cir. 1988) (noting that the "better analysis" of Fourth Amendment claims is often to address the merits before the "intertwined concept of standing" (quoting *Rakas v. Illinois*, 439 U.S. 128, 133 (U.S. 1978))); *see also United States v. SDI Future Health, Inc.*, 568 F.3d 684, 695 (9th Cir. 2009) ("Fourth Amendment standing, unlike Article III standing, is a matter of substantive Fourth Amendment law[.]") (alterations and quotation marks omitted).

Police officers may lawfully stop a cab if they have reasonable suspicion that the driver committed a traffic violation. *See United States v. Stewart*, 551 F.3d 187, 193 (2d Cir. 2009). Jones argues that the District Court erred by not holding an evidentiary hearing on the legality of the stop. "[A]n evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, detailed, and nonconjectural to enable the court to conclude that

contested issues of fact going to the validity of the search are in question." *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992) (internal quotation marks omitted). This Court reviews for abuse of discretion a district court's decision not to hold an evidentiary hearing. *United States v. Finley*, 245 F.3d 199, 203 (2d Cir. 2001).

The District Court did not abuse its discretion by not holding an evidentiary hearing. New York traffic regulations require that cabs have a partition between the driver and the passenger. *See* N.Y. Comp. Codes. R. & Regs. Tit. 35 § 6-13(a)(1). Cabs do not need to have a partition if they have, among other things, *both* a security camera *and* a decal on the rear passenger window clearly stating that the cab is equipped with a security camera. *See id.* § 6-13(a)(3); 6-13(c). Because Jones alleged neither that the cab had a partition nor that its rear passenger window contained a decal stating that the cab was equipped with a security camera, there was no material factual dispute regarding the legality of the stop.

Jones also argues that there was insufficient evidence from which the jury could conclude that he, rather than the cab driver, had possession of the gun. In reviewing a sufficiency-of-the evidence claim, this Court must review the evidence in the light most favorable to the Government. *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir. 2004). Jones's principal argument on appeal is that the cab driver's testimony was not credible. But because we must resolve credibility issues in favor of the jury verdict, *United States v. Howard*, 214 F.3d 361, 363 (2d Cir. 2000), we find this argument to be without merit.

We have considered all of Jones's claims on appeal and find them to be unavailing. Accordingly, we affirm the District Court's judgment.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court