09-5290-cr
USA v. Chun (Im)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of November, two thousand ten.

Present:
　　　　ROBERT A. KATZMANN,
　　　　PETER W. HALL,
　　　　　　　*Circuit Judges*,
　　　　BARBARA S. JONES,
　　　　　　　*District Judge*.[*]

---

UNITED STATES OF AMERICA,

　　　　*Appellee*,

　　　　　　v.　　　　　　　　　　　　　　　　No. 09-5290-cr

SANGMIN CHUN, HADONG KIM, also known as Patrick Kim,
CULLEN HUMPHREY KA, FU YU MIAO, also known as Kenny,
JAVIER DIAZ, also known as Magic,

　　　　*Defendants*,
YOUNG SON IM,

---

[*] The Honorable Barbara S. Jones, United States District Judge for the Southern District of New York, sitting by designation.

*Defendant-Appellant*.

_____

For Defendant-Appellant:                MARK J. STEIN (Heather L. Shaffer and Michael J. Castiglione, *on the brief*), Simpson Thacher & Bartlett LLP, New York, NY

For Appellee:                        MICHAEL D. MAIMIN, Assistant United States Attorney (Rebecca A. Rohr and Katherine Polk Failla, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY

Appeal from the United States District Court for the Southern District of New York (Castel, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Young Son Im was convicted following a jury trial of conspiracy to distribute and possess with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 846. He was sentenced to seventy-two months' imprisonment followed by a three-year term of supervised release. On appeal, Im argues that (1) the government's evidence was not sufficient to prove that he had conspired to distribute methamphetamine, (2) he is entitled to a new trial on the ground that the jury's finding that he was not entrapped was against the weight of the evidence, and (3) the district court erred in finding, without an evidentiary hearing, that his counsel was not ineffective. We assume the parties' familiarity with the facts and procedural history of the case.

Where, as here, the defendant did not move in the district court challenging the sufficiency of the evidence, such a claim is reviewed on appeal only for plain error. *United*

2

*States v. Allen*, 127 F.3d 260, 264 (2d Cir. 1997). "A defendant challenging the sufficiency of the evidence that was the basis of his conviction at trial bears a heavy burden." *United States v. Hawkins*, 547 F.3d 66, 70 (2d Cir. 2008) (internal quotation marks omitted). We must review the evidence "in the light most favorable to the government," drawing all reasonable inferences in its favor, *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir. 2004), and resolving all issues of credibility "in favor of the [guilty] verdict," *United States v. Howard*, 214 F.3d 361, 363 (2d Cir. 2000). The jury's verdict must be sustained if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Aguilar*, 585 F.3d 652, 656 (2d Cir. 2009) (citation omitted) (emphasis in original).

Im claims that the evidence was sufficient to establish only a buyer-seller relationship among Im and his alleged co-conspirators. The buyer-seller rule provides that "[w]ithout more, the mere buyer-seller relationship . . . is insufficient to establish a conspiracy." *United States v. Gore*, 154 F.3d 34, 40 (2d Cir. 1998). "[T]he rule does not protect either the seller or buyer from a charge they conspired together to transfer drugs if the evidence supports a finding that they shared a conspiratorial purpose to advance other transfers, whether by the seller or by the buyer." *United States v. Parker*, 554 F.3d 230, 235 (2d Cir. 2009).

Having carefully reviewed the record, including the trial testimony and transcripts of the wire recordings, we conclude that Im's conviction was amply supported by the evidence. A rational juror could have concluded on the basis of the record that Im "was not merely a buyer or seller of narcotics, but rather that [Im] knowingly and intentionally participated in the narcotics-distribution conspiracy by agreeing to accomplish its illegal objective beyond the mere purchase or sale." *Hawkins*, 547 F.3d at 73-74. As we stated in *Parker*, where a defendant "made

3

purchases of drugs . . . with [the] intention, known to the sellers, to resell the purchased drugs," 554 F.3d at 237, the evidence "was more than adequate to show that [the defendant's] repeated purchases in wholesale quantities gave him a stake in the success and continued availability of his source of supply, as well as that the selling group had a stake in his resales." *Id.* at 239 n.6. The same is true here.

Second, Im argues that he is entitled to a new trial pursuant to Federal Rule of Criminal Procedure 33 on the ground that the jury's finding that the government did not entrap Im into selling methamphetamine was against the weight of the evidence. "The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001). The entrapment defense has two elements: "(1) government inducement of the crime, and (2) lack of predisposition on the defendant's part." *United States v. Bala*, 236 F.3d 87, 94 (2d Cir. 2000) (internal quotation marks omitted). A defendant arguing entrapment bears the burden of producing "credible evidence of government inducement." *Id.* If the defendant satisfies his burden, the government must prove beyond a reasonable doubt "predisposition on the defendant's part." *Id.* "Predisposition may be shown by evidence of: (1) an existing course of criminal conduct similar to the crime for which the defendant is charged, (2) an already formed design on the part of the accused to commit the crime for which he is charged, or (3) a willingness to commit the crime for which he is charged as evidenced by the accused's ready response to the inducement." *United States v. Brunshtein*, 344 F.3d 91, 101-02 (2d Cir. 2003) (internal quotation marks and punctuation omitted). Here, the record amply supported findings that the government did not induce Im to sell methamphetamine and that Im was predisposed to selling it. Thus, the jury reasonably

4

concluded that Im was not entrapped. In these circumstances, "letting [the] guilty verdict stand" is not a "manifest injustice." *Ferguson*, 246 F.3d at 134.

Finally, "[i]n order to sustain a claim of ineffective assistance of trial counsel it must be shown that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense." *Bunkley v. Meachum*, 68 F.3d 1518, 1521 (2d Cir. 1995) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). This Court reviews a district court's denial of a request for an evidentiary hearing for abuse of discretion. *United States v. Levy*, 377 F.3d 259, 264 (2d Cir. 2004).

Im asserts that he is entitled to an evidentiary hearing on the theory that he has established a "plausible" claim for ineffective assistance of counsel, as indicated by *United States v. Tarricone*, 996 F.2d 1414, 1418 (2d Cir. 1993). The *Tarricone* court, however, remanded the case for an evidentiary hearing because "on the present state of the record [it could] not determine" whether defense counsel's decision not to consult a handwriting expert was unreasonable under *Strickland*. *Id.* at 1419. Here, by contrast, the district court concluded on the basis of the trial record and "the Court's own firsthand observations" that Im and his counsel were fully able to communicate with each other without the assistance of an interpreter. SPA 14. The court credited, among other things, Im's counsel's sworn declaration that he and Im communicated in English and understood one another, the court's observation that Im and his counsel conversed in English during the trial, and Im's demonstration at a pretrial conference that he had read and understood wiretap applications. In contrast to *Tarricone*, the district court's denial of Im's motion was fully supported by the record. Its decision not to conduct an evidentiary hearing therefore was not an abuse of its discretion.

5

We have considered defendant's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK