10-1173-cr
USA v. Quinones

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of March, two thousand eleven.

Present:
>        AMALYA L. KEARSE,
>        ROBERT D. SACK,
>        ROBERT A. KATZMANN,
>                *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

>        *Appellee*,

>                v.                                                    No.  10-1173-cr

CURTIS QUINONES,

>        *Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | Benjamin Allee, Assistant United States Attorney (Elie Honig, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y. |
| For Defendant-Appellant: | Kerry A. Lawrence, White Plains, N.Y. |

Appeal from the United States District Court for the Southern District of New York (Robinson, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Curtis Quinones appeals from the March 25, 2010 judgment of the district court, entered after a jury trial, convicting him of (1) assault with intent to commit murder within the special territorial jurisdiction of the United States, in violation of 18 U.S.C. §§ 7(3) and 113(a)(1); and (2) assault with a dangerous weapon within the special territorial jurisdiction of the United States, in violation of 18 U.S.C. §§ 7(3) and 113(a)(3).[1]  On appeal, Quinones argues that he received ineffective assistance of counsel and thus is entitled to a new trial because his lawyer interfered with his ability to testify at trial, agreed to trial stipulations without Quinones's consent, and failed to object to the introduction of certain evidence.  In connection with the first count, Quinones argues also that the government adduced insufficient evidence that he acted with specific intent to kill.  We assume the parties' familiarity with the facts and procedural history of this case.

"In order to sustain a claim of ineffective assistance of trial counsel it must be shown that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense."  *Bunkley v. Meachum*, 68 F.3d 1518, 1521 (2d Cir. 1995) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  To satisfy the first prong of the *Strickland* test, the

---

[1] With respect to Quinones's conviction on count 2 for assault with a dangerous weapon, the judgment's citation to 18 U.S.C. § 113(a)(1) is a typographical error.  App'x 79.  We hereby direct the district court to correct the judgment to indicate that Quinones was convicted of assault with a dangerous weapon pursuant to 18 U.S.C. § 113(a)(3).

defendant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To satisfy the second prong, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. We review *de novo* a claim of ineffective assistance of counsel. *United States v. Guang*, 511 F.3d 110, 119 (2d Cir. 2007).

Upon our independent review of the record, we agree with the district court that Quinones knowingly and unequivocally waived his right to counsel in a colloquy with the court. Even assuming *arguendo* that Quinones's counsel interfered with his right to testify, we conclude that Quinones has not shown a reasonable probability that his testimony would have resulted in a different outcome at trial. *See, e.g.*, *Rega v. United States*, 263 F.3d 18, 21-26 (2d Cir. 2001). Moreover, we find that Quinones's counsel's decisions (1) to enter into stipulations regarding the chain of custody of physical evidence and testimony two scientists would have given if called to testify at trial and (2) not to object to the introduction of the first shank discovered at the prison compound were not unreasonable or prejudicial to Quinones. We reject also Quinones's assertion that the "cumulative effect" of his counsel's purported errors constitutes ineffective assistance of counsel. Accordingly, we conclude that Quinones's claim is without merit.

We turn next to Quinones's argument that "[t]here was insufficient evidence at trial to demonstrate beyond a reasonable doubt a specific intent to kill." Def. Br. 28. "A defendant challenging the sufficiency of the evidence that was the basis of his conviction at trial bears a heavy burden." *United States v. Hawkins*, 547 F.3d 66, 70 (2d Cir. 2008) (internal quotation

3

marks omitted).  The Court must review the evidence "in the light most favorable to the government," drawing all reasonable inferences in its favor, *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir. 2004), and resolving all issues of credibility "in favor of the [guilty] verdict." *United States v. Howard*, 214 F.3d 361, 363 (2d Cir. 2000).  The jury's verdict must be sustained if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Aguilar*, 585 F.3d 652, 656 (2d Cir. 2009) (internal quotation marks omitted) (emphasis in original).  Having reviewed the trial record, we conclude that Quinones's conviction of assault with intent to commit murder within the special territorial jurisdiction of the United States was amply supported by the evidence.  A rational trier of fact could have found on the basis of the trial record that Quinones intended to kill Rasuan Sanders when he stabbed him in the neck.  *See id.*

We have considered Quinones's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
