10-1266-cr (L)
USA v. Wells and Rhodes

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of April, two thousand eleven.

Present:
          AMALYA L. KEARSE,
          ROBERT D. SACK,
          ROBERT A. KATZMANN,
                    *Circuit Judges*.

───────────────────────────────────────────────

UNITED STATES OF AMERICA,

          *Appellee*,

          v.                                                  Nos. 10-1266-cr (L),
                                                              10-1284-cr (con)

KIRBY GRAY, KRYSTAL MACK,

          *Defendants*,

MARVIN WELLS, STEPHEN RHODES,

          *Defendants-Appellants*.

───────────────────────────────────────────────

For Appellee:                    Licha M. Nyiendo, Assistant United States Attorney (Emily
                                 Berger, Assistant United States Attorney, *of counsel*), *for*
                                 Loretta E. Lynch, United States Attorney for the Eastern
                                 District of New York, Brooklyn, N.Y.

For Defendant-Appellant          Michael H. Soroka, Law Offices of Michael H. Soroka,
Marvin Wells:                    Esq., Mineola, N.Y.

For Defendant-Appellant        Mitchell A. Golub, Golub & Golub, LLP, New York, N.Y.
Stephen Rhodes:


Appeal from the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgments of the district court be and hereby are **AFFIRMED**.

Defendants-Appellants Marvin Wells and Stephen Rhodes appeal from the April 1, 2010 judgments of the district court, entered after a jury trial, convicting Wells of conspiracy to obstruct justice, in violation of 18 U.S.C. § 371; obstruction of justice, in violation of 18 U.S.C. § 1519; two counts of attempted intimidation and corrupt persuasion, in violation of 18 U.S.C. § 1512(b)(3); and making a false statement, in violation of 18 U.S.C. § 1001(a)(2); and convicting Rhodes of obstruction of justice, in violation of 18 U.S.C. § 1519; and making a false statement, in violation of 18 U.S.C. § 1001(a)(2).  On appeal, Wells challenges the sufficiency of the evidence underlying his corrupt persuasion and false statement convictions and argues that his conspiracy to obstruct justice conviction is infirm as a matter of law.  Rhodes likewise argues that the evidence was insufficient to convict him of obstruction of justice and making a false statement on the ground that the jury rendered an inconsistent verdict.  Wells and Rhodes contend also that the district court erred in permitting the government to introduce into evidence certain of the policies and regulations of the Queens Private Correctional Facility ("QPCF").[1]

---

[1] In an accompanying opinion, we address the defendants' additional argument that QPCF's internal investigation of an allegation of excessive force does not involve a "matter within the jurisdiction" of the Department of Justice under 18 U.S.C. § 1519.  That opinion also sets forth the relevant underlying facts and procedural history of this case.

We begin with Wells's contention that there was insufficient evidence to convict him of two counts of attempted intimidation and corrupt persuasion, in violation of § 1512(b)(3), which proscribes in relevant part attempting to "prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense." 18 U.S.C. § 1512(b)(3). He argues that relevant information concerning the assault of Rex Eguridu was prevented from being transmitted only to QPCF, a private entity, and thus was not prevented from being transmitted to a federal law enforcement officer or a judge. "A defendant challenging the sufficiency of the evidence that was the basis of his conviction at trial bears a heavy burden." *United States v. Hawkins*, 547 F.3d 66, 70 (2d Cir. 2008) (internal quotation marks omitted). The Court must review the evidence "in the light most favorable to the government, drawing all reasonable inferences in its favor," *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir. 2004), and resolving all issues of credibility "in favor of the [guilty] verdict." *United States v. Howard*, 214 F.3d 361, 363 (2d Cir. 2000). The jury's verdict must be sustained if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Aguilar*, 585 F.3d 652, 656 (2d Cir. 2009) (internal quotation marks omitted).

Under § 1512(b)(3), there is no requirement that "an official proceeding . . . be pending or about to be instituted at the time of the offense." 18 U.S.C. § 1512(f)(1). Moreover, "no state of mind need be proved with respect to the circumstance . . . that the judge is a judge of the United States or that the law enforcement officer is an officer or employee of the Federal Government." *Id.* § 1512(g). We have noted that § 1512 "covers 'potential' witnesses." *United States v. Romero*, 54 F.3d 56, 62 (2d Cir. 1995) (quoting *United States v. Hernandez*, 730 F.2d 895, 898 (2d Cir. 1984)). Thus, § 1512 does not require the government, as Wells suggests, to

adduce "evidence" of a communication to a "law enforcement officer or judge of the United States." Wells Br. 11. We therefore find unavailing Wells's assertion that a defendant's attempt to hinder, delay, or prevent a communication within the context of a QPCF investigation is beyond the scope of § 1512. Here, there is no dispute that it was the policy of the Department of Justice ("DOJ") to investigate claims of excessive force at QPCF, a facility that housed federal prisoners. Upon our review of this and other aspects of the record, we find that there was ample evidence supporting Wells's convictions of attempted intimidation and corrupt persuasion pursuant to § 1512(b).

Wells argues next that the government could not prove that he made a false statement as proscribed by 18 U.S.C. § 1001(a)(2) because Agent Mary Chiu-Vaccariello of the DOJ Office of the Inspector General, who interviewed Wells in connection with a federal investigation, did not rely upon his statements, thus rendering those statements immaterial. Materiality is an element of the false statement crime. *See United States v. Ali*, 68 F.3d 1468, 1474-75 (2d Cir. 1995). A false statement is material if it has a "natural tendency to influence, or [be] capable of influencing, the decision of the decisionmaking body to which it was addressed." *United States v. Gaudin*, 515 U.S. 506, 509 (1995) (internal quotation marks omitted); *accord United States v. Stewart*, 433 F.3d 273, 318 (2d Cir. 2006). Having reviewed the record, we are persuaded that Wells's false statement conviction was amply supported by sufficient evidence. In his interview with Agent Chiu-Vaccariello, Wells denied that there had been a cover-up of the assault of Eguridu. His statements went to the heart of the government's investigation and thus were material.

Wells argues also that his conviction for conspiracy to obstruct justice is infirm as a matter of law because Rhodes and Kirby Gray, his alleged co-conspirators, were acquitted of

4

conspiracy to obstruct justice and thus "there were no guilty co-conspirators." Wells Br. 18. We have held that "one defendant's conspiracy conviction does not become infirm by reason of jury verdicts of not guilty against all of his alleged coconspirators." *United States v. Acosta*, 17 F.3d 538, 545 (2d Cir. 1994). Wells's argument therefore is without merit.

We turn next to Rhodes's argument that his convictions of obstruction of justice and making a false statement are against the weight of the evidence because they are inconsistent with the jury's acquittal of Wells on the excessive force charge and its acquittal of Rhodes on the conspiracy to obstruct justice charge. The Supreme Court has held that inconsistency among verdicts is not a basis for setting aside a conviction. *See United States v. Powell*, 469 U.S. 57, 69 (1984). In *Powell*, the Court expressly "reject[ed], as imprudent and unworkable, a rule that would allow criminal defendants to challenge inconsistent verdicts on the ground that in their case the verdict was not the product of lenity, but of some error that worked against them." *Id.* at 66. It reasoned that "[s]uch an individualized assessment of the reason for the inconsistency would be based either on pure speculation, or would require inquiries into the jury's deliberations that courts generally will not undertake." *Id.* The same is true where the alleged inconsistency is between verdicts reached as to co-defendants in a joint trial. *See, e.g.*, *Harris v. Rivera*, 454 U.S. 339, 345 (1981). Moreover, the *Powell* Court observed that a review for sufficiency of the evidence "should not be confused with the problems caused by inconsistent verdicts." 469 U.S. at 67.

Accordingly, Rhodes's argument that his conviction should be set aside on the ground that the jury rendered an inconsistent verdict is without merit. On the basis of the evidence adduced at trial, a rational trier of fact could have found beyond a reasonable doubt that Rhodes obstructed justice, in violation of 18 U.S.C. § 1519, and made a false statement, in violation of

5

18 U.S.C. § 1001(a)(2). *See Aguilar*, 585 F.3d at 656. The jury's verdict therefore must be sustained.

Finally, Wells argues that introduction of certain QPCF manuals and policies on the use of force was unfairly prejudicial on all counts. He asserts that the jury likely was confused by this evidence and determined culpability by applying the more stringent QPCF standards of excessive force, rather than Bureau of Prisons regulations. Rhodes joins in his argument. "'We review a district court's evidentiary rulings for abuse of discretion, and will reverse only if we find that there was a violation of a substantial right.'" *United States v. Bah*, 574 F.3d 106, 116 (2d Cir. 2009) (quoting *United States v. Ebbers*, 458 F.3d 110, 122 (2d Cir. 2006)). Here, the jury's acquittal of Wells on the excessive force charge, the only relevant charge that required consideration of the use of excessive force, belies Wells's contention that the jury was prejudiced by the admission of QPCF policies on the use of excessive force. We conclude that the district court did not abuse its discretion in admitting those materials into evidence.

We have considered the defendants' remaining arguments and find them to be without merit. For the reasons stated herein and in the accompanying opinion, the judgments of the district court are **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6