**UNITED STATES of America,**
**Appellee,**

v.

**Alphonse T. PERSICO, John J. DeRoss,**
**also known as Jackie, Carmine**
**DeRoss III, Defendants,**

**Michael Spataro, also known as Spat,**
**also known as Mikey Spat,**
**Defendant–Appellant.**

No. 06–3407–cr.

United States Court of Appeals,
Second Circuit.

Sept. 11, 2008.

Joseph A. Bondy, New York, N.Y, for Defendant–Appellant.

Jeffrey Goldberg, Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Jo Ann M. Navickas, of counsel), Brooklyn, N.Y., for Appellee.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Appellant Michael Spataro was convicted in the United States District Court for the Eastern District of New York (Johnson, *J.* ) of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5), assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). He was sentenced to 338 months' imprisonment. On appeal, Appellant asserts that there was insufficient evidence to sustain the conviction, that the district court erred in admitting evidence of uncharged or acquitted bad acts, that a variety of other errors by the district court denied him a fair trial, that his trial counsel was ineffective, that

prosecutorial misconduct denied him a fair trial, and that his sentence was unreasonable. We assume the parties' familiarity with the facts and procedural history of the case.

A defendant challenging the sufficiency of the evidence underlying a criminal conviction bears a "heavy burden," *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir.2004) (internal quotation marks omitted), because this Court "must review the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor." *Id.* This Court also "resolve[s] all inferences from the evidence and issues of credibility in favor of the verdict." *United States v. Howard*, 214 F.3d 361, 363 (2d Cir.2000). In short, "[r]eversal is warranted only if no rational factfinder could have found the crimes charged proved beyond a reasonable doubt." *Gaskin*, 364 F.3d at 459–60.

■ Appellant asserts that the evidence shows his mere presence at the scene of the crime, which is insufficient for a conviction. *See United States v. Johnson*, 513 F.2d 819, 823–24 (2d Cir.1975). We find sufficient direct evidence (for example, a co-conspirator's testimony that Appellant was a member of the conspiracy), as well as ample circumstantial evidence, *see United States v. D'Amato*, 39 F.3d 1249, 1256 (2d Cir.1994) (holding that a jury verdict may be based on circumstantial evidence), for a jury to have convicted Appellant of the charged offenses.

■ This Court reviews evidentiary rulings for abuse of discretion. *United States v. Khalil*, 214 F.3d 111, 122 (2d Cir.2000). "To find such abuse, we must conclude that the trial judge's evidentiary rulings were arbitrary and irrational." *United States v. Paulino*, 445 F.3d 211, 217 (2d Cir.2006) (internal quotation marks and citation omitted). Appellant asserts that the district court erred in admitting evidence of his participation in other crimes. "It is well settled that in prosecutions for racketeering offenses, the government may introduce evidence of uncharged offenses to establish the existence of the criminal enterprise." *United States v. Baez*, 349 F.3d 90, 94 (2d Cir.2003) (per curiam). We think the evidence was admissible on this ground, and therefore need not address the Government's alternative ground, that the evidence was admissible under Federal Rule of Evidence 404(b) in order to provide background to the charged offenses. *See United States v. Williams*, 205 F.3d 23, 33–34 (2d Cir.2000).

■ Appellant asserts that his trial counsel was ineffective. Such claims are best raised on collateral review. *Massaro v. United States*, 538 U.S. 500, 504–05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). Accordingly, the ineffective assistance of counsel claim is denied without prejudice to its being raised in collateral proceedings.

■ Appellant asserts that various instances of alleged prosecutorial misconduct require reversal. In making this argument, he "face[s] a heavy burden, because the misconduct alleged must be so severe and significant as to result in the denial of [his] right to a fair trial." *United States v. Locascio*, 6 F.3d 924, 945 (2d Cir.1993). Appellant contends it was misconduct on the part of the trial Assistant to encourage the district court to excuse a witness subpoenaed by the defendant for a day when there was no trial session, rather than adjourn the subpoena to the next appropriate trial day. We directed the submission of affidavits to determine how and why this occurred. While the Assistant's understanding of the rule relating to subpoenas was mistaken, we are satisfied that the Assistant did not act in bad faith. It would have been preferable for the district

court to have instructed the witness to reappear on the next appropriate trial date, but there were no adverse consequences because the defense resubpoenaed the witness. Accordingly, we do not think that the actions of the prosecutor denied Appellant a fair trial.

■ Finally, Appellant challenges his sentence. In most part, Appellant's arguments are without merit. With regard to Appellant's sentence for using and carrying a firearm during and in relation to a crime of violation in violation of 18 U.S.C. 924(c)(1)(A)(iii), however, we find that remand is necessary. On this count, the district court imposed a sentence of 170 months to be served consecutively. The Sentencing Guidelines provide that the guideline range for this offense is the mandatory minimum established by 18 U.S.C. 924(c)(1)(A)(iii), which is 120 months. The district court, although imposing a sentence of 170 months, did not provide reasons for the above-Guidelines sentence. Because it was procedural error to fail to adequately explain "any deviation from the Guidelines range," *Gall v. United States,* — U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007), we vacate the sentence as to this count, and remand to the district court for resentencing.

We have considered all of Appellant's other arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED as to all parts, although without prejudice to Appellant's renewing his ineffective assistance of counsel claim on collateral review, and except for the sentencing for Appellant's violation of 18 U.S.C. 924(c)(1)(A)(iii), which is VACATED and REMANDED to the district court for resentencing.