DLD-162                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3710
_____

MICHAEL SPATARO,
                        Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 1-15-cv-01736)
District Judge: Noel L. Hillman
_____

Submitted on a Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 16, 2017

Before:  CHAGARES, VANASKIE and KRAUSE, Circuit Judges

(Opinion filed: April 4, 2017)
_____

OPINION*
_____

_____
*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Michael Spataro appeals from an order of the District Court dismissing his petition for writ of habeas corpus, 28 U.S.C. § 2241, for lack of jurisdiction. For the reasons that follow, we will summarily affirm.

Spataro was charged in the United States District Court for the Eastern District of New York with participating in a conspiracy to murder Joseph Campanella, an alleged soldier in the Colombo crime family. The evidence at trial consisted of witness testimony, telephone records, audio recordings, and photographs, showing that, on July 16, 2001, Campanella was shot by Vincent DeMartino and that Spataro had participated in the planning of that unsuccessful attempt to murder Campanella. Following a jury trial, Spataro was convicted of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5), assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The Court of Appeals for the Second Circuit affirmed the criminal judgment, but vacated and remanded for resentencing, see United States v. Persico, 293 F. App'x 24, 27 (2d Cir. 2008). The sentencing court resentenced Spataro on October 15, 2009, to 120 months' imprisonment on the third count, to run consecutively to the 168- and 120-month concurrent sentences previously imposed on Counts 1 and 2, respectively, for a total sentence of 288 months.

Spataro filed a motion to vacate sentence, 28 U.S.C. § 2255, in the sentencing court, arguing that his trial counsel made numerous errors that amounted to ineffective assistance of counsel. Specifically, he asserted that counsel failed to adequately investigate and present a viable alibi defense, failed to effectively challenge the Government's primary witness, and failed to retain a reliable expert witness regarding certain telephone records. On February 19, 2013, the § 2255 motion was denied on the merits, see Spataro v. United States, 2013 WL 618426 (E.D.N.Y. Feb. 19, 2013).

At issue in this appeal, on March 9, 2015, Spataro filed a pro se petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the District of New Jersey, where he is currently confined. Spataro alleged that he is actually innocent of aiding and abetting a § 924(c) offense, in light of the Supreme Court's decision in Rosemond v. United States, 134 S. Ct. 1240 (2014); and, in the alternative, he argued that he may proceed under § 2241 because Rosemond is in direct conflict with the Pinkerton instruction given at his trial, see Pinkerton v. United States, 328 U.S. 640, 646-48 (1946) (permitting conviction of defendant for acts by a coconspirator that were "done in furtherance of the conspiracy" and that could have been "reasonably foreseen as a necessary or natural consequence" of the conspiracy). Specifically, Spataro argued that he did not know that Martino possessed a gun until moments before it was used to wound Campanella. Spataro contends that the trial court's aiding and abetting instructions were erroneous because they did not require the jury to find that he knew in advance that a gun would be involved in the crime, as required by Rosemond.

The Government moved to dismiss the § 2241 petition for lack of jurisdiction, arguing that its burden of proof at Spataro's trial actually was more stringent than

Rosemond's standard because, in the Second Circuit prior to Rosemond, a defendant could only be convicted of aiding and abetting a § 924(c) offense if he performed some act that directly facilitated or encouraged the use or carrying of a firearm. Citing a not precedential summary order, the Government argued that the Second Circuit has since noted that Rosemond effectively lightened the standard for proving aiding and abetting in that circuit, see United States v. Rivera, 571 F. App'x 55, 59 n.5 (2d Cir. 2014) (holding of Rosemond "expanded aiding and abetting liability under Section 924(c) as previously recognized by this Court"). With respect to Spataro's argument that the breadth of the Pinkerton theory of liability is incompatible with Rosemond, the Government argued that "the same discordance" identified by Spataro between the Pinkerton and "aiding and abetting" standards of proof existed at the time of his conviction under the law of aiding and abetting law in the Second Circuit, and thus he could have made that argument on direct appeal or in his § 2255 motion.

Counsel then entered an appearance on behalf of Spataro and submitted a response in opposition to dismissal, arguing that the Rosemond claim had merit because the sentencing court did *not* charge the jury that the Spataro must have had advance knowledge that a firearm would be used, and that the court's charge that a defendant must have performed some act that directly facilitated or encouraged the perpetrator in the use or carrying of a firearm was not tantamount to a charge that a defendant must have advance knowledge that a firearm would be used.

In an order entered on July 21, 2016, the District Court granted the Government's motion and dismissed the § 2241 petition for lack of jurisdiction. The District Court agreed with the Government that Rosemond effectively lightened the standard for

4

proving aiding and abetting a § 924(c) offense in the Second Circuit. The Court also held that Spataro had an earlier opportunity to seek judicial review of his claim that the Pinkerton theory of liability is incompatible with the Second Circuit standard for proving aiding and abetting a § 924(c) offense, and, that, in any event, the holdings in Rosemond and Pinkerton address two distinct and separate theories of vicarious liability.

Spataro appeals. We have jurisdiction under 28 U.S.C. § 1291.[1] The Government has moved to summarily affirm the order of the District Court, pursuant to Third Cir. LAR 27.4 and I.O.P. 10.6. Spataro submitted a brief and a response in opposition to the motion for summary affirmance, which we have considered.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. The District Court properly dismissed Spataro's § 2241 petition for lack of jurisdiction because a motion filed under § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of his conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). In certain limited circumstances, a petitioner may seek relief under § 2241 if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention, see In re: Dorsainvil, 119 F.3d 245, 249-251 (3d Cir. 1997). Section § 2255 is not inadequate or ineffective, however, simply because the petitioner is unable to meet the gatekeeping requirements, 28 U.S.C. § 2255(h), for a second § 2255 motion. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam).

---

[1] A certificate of appealability is not required to appeal from the denial of a § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

We have, as yet, only applied the § 2255 "safety valve" where the petitioner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law. Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251). In Rosemond, the Supreme Court addressed what the Government must prove when it accuses a defendant of aiding or abetting the § 924(c) offense of using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime. 134 S. Ct. at 1243. The Court held that the Government must prove that the defendant "actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." Id. "[A]dvance knowledge," the Court stated, means "knowledge at a time the accomplice can do something with it -- most notably, opt to walk away." Id. at 1249-50.

Here, even assuming that the trial court's instructions violated Rosemond, when a petitioner claims he is incarcerated based on conduct that subsequently has been rendered non-criminal, we must consider whether the record supports his claim of innocence. See United States v. Tyler, 732 F.3d 241, 247 (3d Cir. 2013). This was a planned execution. The evidence, as summarized by the sentencing court in denying Spataro's criminal Rule 29 motion for judgment of acquittal, indicates that, because the attempted murder was a planned execution, Spataro had advance knowledge that a gun would be used during the commission of the crime. The sentencing court explained:

> [A] cooperating witness, Giovanni Floridia …, implicated Spataro in the murder conspiracy, testifying about Spataro's role in the plan to murder Campanella, as well as the unsuccessful attempt. Floridia's testimony about Spataro's participation in the murder conspiracy included references to meetings in which Spataro participated as well as incriminating actions by Spataro both before and after

6

Campanella was shot on July 16, 2001. Had the government relied exclusively on Floridia's testimony -- which was not incredible on its face -- to establish Spataro's guilt beyond a reasonable doubt … this evidence would have been enough to sustain Spataro's convictions…. But there was more evidence beyond Floridia's testimony that incriminated Spataro. For example, the government introduced telephone records that corroborated Floridia's testimony about Spataro's role in the murder conspiracy. These telephone records reflected that, in the period leading up to and immediately following the attempted murder, a significant number of telephone calls were placed between the cellular telephones of Spataro and Vincent DeMartino…, the person who actually shot Campanella. In particular, Floridia testified that, as he and DeMartino were driving away from the location where DeMartino shot Campanella, DeMartino called Spataro and said, in part, "Hey, Mike. We missed." The telephone records received into evidence indeed reflected that a call had, in fact, been placed from DeMartino's telephone to Spataro's telephone immediately after DeMartino shot Campanella. As far as the Court is concerned, no doubt exists that a rational trier of fact could conclude -- as this jury did -- that Spataro was guilty of all three charges.

United States v. Spataro, 2006 WL 2010788, *1-2 (E.D.N.Y. July 10, 2006).

In sum, § 2255 is inadequate or ineffective to test the legality of detention in a case where the gatekeeping provisions bar a successive petitioner who can successfully allege actual innocence of the crime of which he was convicted and who, at the time of his earlier § 2255 motion could not demonstrate that innocence. But, in Spataro's case, denying him access to federal court under § 2241 is proper because he cannot allege facts to support his claim of actual innocence, and therefore the unavailability of relief under § 2255 does not render that provision inadequate or ineffective as to him.

As to Spataro's alternative argument, we agree with the District Court that the holdings in Rosemond and Pinkerton address two distinct and separate theories of vicarious liability, and that a conviction under a theory of vicarious liability pursuant to Pinkerton serves as an alternate basis for conviction. Because Pinkerton and Rosemond

7

address two separate theories of liability, there has been no intervening change in law and thus the "safety valve" to § 2255 does not apply to Spataro. He has failed to bring his Pinkerton claim within the Dorsainvil rule and thus the District Court lacked jurisdiction to consider it in a § 2241 petition.

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Spataro's § 2241 petition for lack of jurisdiction.